No. 7002.—THE NATIONAL CITY BANK OF NEW YORK, apldo. v. GOBIERNO MUNICIPAL DE PONCE, etc., aplte. el primero.—▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇ Mayo 6, 1935.

(Por la Corte, a propuesta del Juez Asociado Sr. Aldrey.)

Por cuanto, el demandante nos pide que desestimemos por frívola la apelación que ha interpuesto el demandado, Gobierno Municipal de Ponce, contra la sentencia recaída en este caso;

Por cuanto, The National City Bank of New York demandó al municipio de Ponce y a su tesorero para que le devuelvan ciertas cantidades de dinero que les pagó bajo protesta, que le fueron impuestas como patente municipal por el privilegio de hacer negocios bancarios en la ciudad de Ponce;

Por cuanto, también alega el demandante que es un banco nacional organizado de acuerdo con las leyes de los Estados Unidos de América, con oficina principal en la ciudad de New York, autorizado para hacer negocios en Puerto Rico, y que paga contribución al Tesoro Insular por su ingreso neto y por su propiedad inmueble, por lo que el municipio carece de facultad para imponer al demandante la patente municipal que se le cobra;

Por cuanto, los demandados admitieron en su contestación todos los hechos alegados en la demanda excepto que la patente se le impuso por hacer negocios en Ponce y que el municipio de Ponce carezca de facultad para cobrarle esa patente;

Por cuanto, en vista de esas alegaciones la Corte de Distrito de Ponce dictó sentencia declarando con lugar la demanda, la que fué apelada por el Gobierno Municipal de Ponce, quien ha presentado su alegato para sostener su recurso;

Por cuanto, ha sido resuelto por este tribunal y por la Corte de Circuito del Primer Circuito de Boston que por ser el National City Bank of New York un banco nacional sólo tiene que pagar en Puerto Rico contribución por su ingreso neto y por su propiedad inmueble (*The National City Bank of New York* v. *Domenech, Tesorero,* 47 D.P.R. 29, y *The National City Bank of New York* v. *Domenech,* 71 Fed. Rep. 2d, p. 13, que fué confirmado por la Corte Suprema de los Estados Unidos en febrero 4, 1935);

Por cuanto, la Ley No. 26 de marzo de 1914 a que se refiere el apelante en su alegato es claramente para que los municipios puedan imponer patentes sobre los negocios, que como hemos dicho no pueden ser impuestas a bancos nacionales;

Por cuanto, la demanda no deja de aducir hechos determinantes de causa de acción porque no alegue que de acuerdo con las secciones 13 y 14 de la citada ley se hizo una protesta ante el Concejo Municipal por la imposición de la patente al demandante, pues dichas sec-

ciones se refieren al caso en que el contribuyente considere injusta la cantidad que se le asignare para el pago, ya que en este caso no es cuestión de cantidad sino de improcedencia del impuesto al demandante, aparte de que tal hecho no se alega como defensa por los demandados;

POR CUANTO, por ser los municipios criatura de la Legislatura no pueden imponer contribución que la Legislatura no puede fijar;

POR TANTO, se desestima la apelación del demandado, Gobierno Municipal de Ponce, por ser frívola.

El Juez Asociado Sr. Córdova Dávila no intervino.